Ruffin, C. J.
 

 The bill cannot be sustained against the administrator of Nicholas H. Jones. The court entertains bills very liberally for an executor against those who claim under the will, and for whom he is trustee, for the purpose of settling the construction, where there is a fair doubt. But the present plaintiff does not stand in that relation to Nicholas H, Jones’ administrator. On the contrary, they both claim the
 
 *384
 
 legal estate in the slaves in remainder after the death of
 
 Mrs.
 
 Ferrand. It is not the case of trustee and
 
 ceslui que trust. x
 
 but purely of opposing legal titles. The plaintiff is m possess¿on¡ anc¡ sayS qla¡; this defendant sets up a legal title to the negroes, and he prays that the court of equity will determine, which of the two has the better title at law. There is no such jurisdiction. There is no occasion for it; for if the plaintiff has the better title, he may safely make distribution : ifhe has not the title, then, ifhe, and those for whom he is trustee, wilt only have patience for the short space of three years, he will get a title by the statute of limitations, unless the opposite claimant should sue at law, and in that case the question will be litigated in the proper forum. The bill must therefore be dismissed as to Edward S. Jones, and with costs. This would render it unnecessary to say anything on the construction of the will; but as the question is as plain as it can be, and it may be satisfactory to the parties, the court will give an opinion on it.
 

 The
 
 first question
 
 put to the court is, whether the limitation over in the will of Kilby Jones to Nicholas H, Jones, is good in law? Answer: It is not good in law. It has been decided in numerous cases, both in England and this country, that such a limitation to take effect after the dying of another person “
 
 without issue,”
 
 is too remote, and therefore void. The case of
 
 Gowler
 
 v.
 
 Cadby,
 
 4 Eng. C. L. Reports, 163, cited by the defendant’s counsel, was a bequest of two terms for years in houses, to the testator’s daughter and her
 
 children,
 
 and in default of
 
 such issue,
 
 and in case of her death, to A. and B. The limitation over was held not too remote, because it was to take effect on his daughter’s dying without
 
 children.
 
 The words !! such issue” were explained by the antecedent word 11children.” That case is very distinguishable from the one now before us, which has no word or words in the clause, to tie up the words (“ and should he die without lawful issue”) to the time of the death of Kilby J. Ferrand.
 

 Secondly,
 
 The vested remainderman, Kilby J. Ferrand, having died intestate without leaving father, wife or issue, in
 
 *385
 
 the lifetime of his mother, she is to be considered as one of his next of kin, and to take a share of his personal estate, with the intestate’s brothers and sisters of the whole and half blood, and the representatives of those brothers and sisters that were dead at the time of the death of the intestate.
 
 Rev. Stat.
 
 ch. 64, sec. 1. And as she died before her husband, Whitby, her administrator must account to his executor for her share after satisfying her debts, if any existed at her death.
 

 Thirdly, Is not Whitby’s executor bound to account to the plaintiff for the rents, hires, and profits of the said slaves, as Whitby kept possession of them after his wife’s death, up to his own death? We think that he is; as Whitby kept possession of the slaves, and used them after the death of his wife. The slaves belonged to Kilby Jones Ferrand, immediately on the death of his mother. The account must be taken, making all just and equitable allowances to "Whitby's executor for the raising and maintaining the said slaves up to the time they were delivered over to the complainant.
 

 Fourthly, Is Joseph C. Whitby, the half-brother of the intestate, K. J. Ferrand, entitled to a distributive share of the personal estate of K. J. Ferrand, as he was born (as is alleged) after the death of the intestate ? He states in his answer, that he is an infant, and that whether he was born or
 
 in esse
 
 before or after the death of the intestate, he is ignorant. If he was born before, or
 
 in ventre sa mere,
 
 he is entitled to a share ; if not, he is not entitled. And an enquiry must be made by the master, to ascertain whether he was born, or
 
 inventre samere
 
 at the time of the death of Kilby J. Ferrand.
 

 The plaintiff must pay the costs to Edward S. Jones out of his own pocket. The other questions have so little doubt in them, that we have been inclined to make him pay all the costs; but as the next of kin make no objection to the suit, we think those costs ought to be paid out of the fund.
 

 Per Curiam, Decree accordingly.